UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JACQUELINE WARD,**

   Plaintiff,

v.                                                                      No. 4:21-cv-1343-P

**AMICA MUTUAL INSURANCE COMPANY
AND WATESHA AIME,**

   Defendants.

## MEMORANDUM OPINION & ORDER

There is nothing unique about this case. It is the type of garden-variety state-law insurance coverage dispute that is considered every day in our Texas state courts. Indeed, it is a case that our Texas courts are much more qualified to resolve than this Court.[1]

### A. Undisputed Background.

Plaintiff Jacqueline Ward ("Ward") (a Texas citizen) alleges that a storm damaged her property during her insurance policy's term. Ward filed suit on May 12, 2021, in the 153rd Judicial District Court of Tarrant County, Texas against her insurer, Defendant Amica Mutual Insurance Company ("Amica") (a Rhode Island citizen) and her adjuster, Watesha Aime (a Texas citizen). ECF No. 1-1. Because Amica elected to accept liability for Aime pursuant to Chapter 542A of the Texas Insurance Code, Aime answered the lawsuit seeking to be dismissed. ECF No. 2-3. The state court ultimately granted Amie's Motion to Dismiss on November 15, 2021, (ECF No. 2-5) and Amica removed the case to this Court on December 14, 2021. ECF No. 1.

---

[1] Having been a Trial Judge on the 352nd District Court in Tarrant County and a Justice on Texas's Second Court of Appeals, the undersigned can attest that the judges, justices, and juries in Tarrant County are well-equipped to resolve this dispute in a timely and fair manner.

The Court requested briefing regarding its jurisdiction (ECF No. 4), and Ward timely moved to remand the case. ECF No. 8. Having considered the Parties' briefing and applicable law, the Court concludes that it lacks subject-matter jurisdiction over this dispute. The Court will therefore **REMAND** the case.

**B. This Court Lacks Diversity Jurisdiction.**

For diversity jurisdiction to exist, all parties must be completely diverse. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). This means that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). Importantly, federal courts "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Due to this presumption against federal jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Additionally, the Court must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in plaintiff's favor. *Morgan v. Chubb Lloyds Ins. Co. of Tex.*, No. 4:21-CV-00100-P, 2021 WL 2102065, at *1 (N.D. Tex. May 25, 2021) (Pittman, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Under long-standing Texas law, it is axiomatic that Aime remains a party despite the Motion to Dismiss being granted. *See Hoyt v. Lane Const. Corp.*, 927 F.3d 287, 300 (5th Cir. 2019) (Haynes, J., dissenting); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The Order granting Aime's Motion to Dismiss (ECF No. 2-5) was only interlocutory—subject to change—and no final judgment has been entered dismissing Aime from the case. *See Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 n.3 (Tex. App.—Fort Worth May 25, 2017, no pet.) (Sudderth, J.) ("A trial court has plenary power—power that is full, entire, complete, absolute, perfect, and unqualified—over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its

equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs.").

Even after the Order granting the Motion to Dismiss (ECF No. 2-5), Aime retained the ability to participate in the case. *See Madison v. Williamson*, 241 S.W.3d 145, 156 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that a defendant could participate in crafting a final judgment because the interlocutory summary judgment "did not terminate [a defendant's] status as a party" to the case); *see also* 6 MCDONALD & CARLSON TEX. CIV. PRAC. APP. PRAC. § 11:3 (2d ed. 2021) ("A judgment is final for purposes of appeal when it determines the rights of all parties and disposes of all issues in a case, so that no future action by the court will be necessary to settle the entire controversy.").

Thus, contrary to Amica's arguments, the state court's Order did not remove Aime from this case. *See Lehmann*, 39 S.W.3d at 205 ("[W]hen there has not been a conventional trial on the merits, an order of judgment is not final for purposes of appeal unless it . . . unequivocally states that it finally disposes of all claims and parties."); *cf.* FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius") (Under our federal system of government, where authority flows from the states to the federal government, the "the ordinary administration of criminal and civil justice" is left to the state courts, not the federal courts.). It follows that Amie's presence in this case destroys diversity jurisdiction. This Court therefore lacks subject-matter jurisdiction.

### C. The Court Adopts and Incorporates its Prior Reasoning.

This Court exhaustively examined the issue presented here in *Morgan v. Chubb Lloyds Ins. Co. of Texas*, No. 4:21-CV-00100-P, 2021 WL 2102065, at *1 (N.D. Tex. May 25, 2021) and *Kessler v. Allstate Fire & Cas. Ins. Co.,* No. 4:21-CV-00173-P, 2021 WL 2102067, at *1 (N.D. Tex. May 25, 2021).[2] Rather than discuss the reasoning behind those

---

[2]Other decisions supporting the Court's reasoning and holdings in *Morgan* and *Kessler* include: *Scout 5 Properties, LLC v. Acadia Ins. Co.,* No. 2:21-CV-00231-JRG-RSP, 2021 WL 5051564, at *5 (E.D. Tex. Oct. 31, 2021); *Green v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:21-CV-120-Z, 2021 WL 4025801, (N.D. Tex. Aug. 26, 2021); *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 671 (S.D. Tex. 2020); *Eichner-Fisher v. Liberty Mut. Ins. Co.*, No. SA:20-CV-263-FB-HJB, 2020 WL 10056217 (W.D. Tex. Aug. 19, 2020), *report and recommendation adopted*, No. SA:20-

holdings here, the Court merely adopts and incorporates them herein. And for the reasons stated *Morgan* and *Kessler*, the Court respectively disagrees with the holdings of cases such as *Ramirez v. Allstate Vehicle & Property Insurance Co.*, 490 F. Supp. 3d 1092, 1116 (S.D. Tex. Sept. 29, 2020) (Alvarez, J.) and *Valverde v. Maxum Cas. Ins. Co.*, No. 7:21-CV-00240, 2021 WL 3885269, at *2 (S.D. Tex. Aug. 31, 2021) (Alvarez, J.), and reads those decisions as overly expansive interpretations of Fifth Circuit precedent. As Chief Justice John Marshall recognized over two hundred years ago, the duties of federal courts "to exercise jurisdiction where it is conferred, and not to usurp it where it is not conferred, are of equal obligation." *Bank of U.S. v. Deveaux*, 9 U.S. 61, 87, 5 Cranch 6 38 (1809), *overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497, 2 How. 497, 11 L. Ed. 353 (1844).[3]

---

CA-263-FB, 2020 WL 10056297 (W.D. Tex. Nov. 30, 2020); *Bar-B-Que Depot, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. 1:19-CV-625-MAC-KFG, 2020 WL 5536010, 2020 U.S. Dist. LEXIS 169374 (E.D. Tex. Aug. 11, 2020), *report and recommendation adopted*, No. 1:19-CV-625-MAC, 2020 WL 5534654 (E.D. Tex. Sept. 14, 2020*); Altom v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-615-RWS-KPJ, 2020 WL 810856 (E.D. Tex. Jan. 27, 2020), *report and recommendation adopted*, No. 4:19-CV-615-RWS, 2020 WL 805204 (E.D. Tex. Feb. 18, 2020).

[3]Thomas Jefferson also warned of the dangers of federal judges usurping authority in matters that were for the states. Late in his life, he wrote:

> It has long however been my opinion, and I have never shrunk from its expression, . . . that the germ of dissolution of our federal government is in the constitution of the federal judiciary; . . . working like gravity by night and by day, gaining a little to-day and a little tomorrow, and advancing its noiseless step like a thief, over the field of jurisdiction, until all shall be usurped from the states, and the government of all be consolidated into one. To this I am opposed; because whenever all government, domestic and foreign, in little as in great things, shall be drawn to Washington as the center of all power, it will render powerless the checks provided of one government on another, and will become as venal and oppressive as the government from which we separated.

Letter from Thomas Jefferson to Charles Hammond (August 18, 1821), *in* 15 THE WRITINGS OF THOMAS JEFFERSON 330–33 (Albert Ellery Bergh Ed.) (1905).

## ORDER

Accordingly, the Court therefore **ORDERS** that this case is **REMANDED** to the **153rd Judicial District Court of Tarrant County, Texas.**

The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Court Clerk of Tarrant County, Texas.

**SO ORDERED** on this **11th day** of **January, 2022.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE